# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 30, 2015

150040

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

                                         SC: 150040
                                         COA: 315323
                                         Wayne CC: 12-008021-FC

WILLIAM LYLES, JR.,
        Defendant-Appellee.
_____/

On October 14, 2015, the Court heard oral argument on the application for leave to appeal the July 22, 2014 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we VACATE the Court of Appeals judgment and we REMAND this case to that court.

The Court of Appeals panel correctly stated that "[r]eversal for failure to provide a jury instruction requested by a defendant is unwarranted unless it appears that it is more probable than not that the error was outcome determinative." Slip Op, p 4, citing *People v McKinney*, 258 Mich App 157, 163 (2003); MCL 769.26. However, the panel below did not clearly apply that standard. Instead, the panel cited several older cases from this Court that antedated our current harmless error standard for the proposition that a trial court's failure to give a requested and appropriate character evidence instruction "has been repeatedly held as error requiring reversal." Slip Op, p 5.

None of these cases applied our current harmless error standard interpreting MCL 769.26, which holds that a "miscarriage of justice" occurs where it "'affirmatively appear[s]' that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 496 (1999). The Court of Appeals panel erred in relying on cases that did not apply the current standard in holding that a miscarriage of justice occurred in this case. On remand, we direct the Court of Appeals to apply our governing standard to the defendant's claim for relief.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 30, 2015

a1027



                                      Clerk